UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JEFF LYNCH,<br><br>　　　　　　Respondent. | No.  2:24-cv-00980-DAD-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION FOR IN FORMA PAUPERIS STATUS AS MOOT<br><br>(Doc. Nos. 1, 3, 10) |

　　　　Petitioner Branden Willie Iseli is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 14, 2024, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be dismissed as an unauthorized second or successive petition and that the pending motion to proceed *in forma pauperis* consequently be denied as moot. (Doc. No. 10 at 2.)  Specifically, the magistrate judge concluded that petitioner had previously filed a federal petition for writ of habeas corpus attacking the same conviction and sentence challenged in this case that was denied on the merits. (*Id.*)  The magistrate judge also noted that it did not appear that petitioner had obtained

/////

1

1  authorization from the Ninth Circuit Court of Appeals to proceed with a second or successive

2  petition as is required. (*Id.*)

3        The pending findings and recommendations were served on the parties and contained

4  notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at

5  2–3.) On November 27, 2024, the court received petitioner's timely objections to the pending

6  findings and recommendations.[1] (Doc. No. 11.) Respondent filed no response to petitioner's

7  objections.

8        In his objections, petitioner directs the court's attention to the docket in the Ninth Circuit

9  case *Iseli v. Smith*, No. 24-6134. (*Id.* at 1.) A review of that docket reflects that the Ninth Circuit

10  subsequently denied petitioner's application for authorization to file a second or successive 28

11  U.S.C § 2254 petition. (*See Iseli v. Smith*, No. 24-6134, Doc. No. 10 (9th Cir. Feb. 20, 2025)).

12  Thus, the attachment to petitioner's objections fully supports the conclusion reached in the

13  pending findings and recommendations. Petitioner's objections therefore provide no basis upon

14  which to decline to adopt the pending findings and recommendations.

15        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

16  *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's

17  objections, the court concludes that the findings and recommendations are supported by the

18  record and by proper analysis.

19        Having found that petitioner is not entitled to habeas relief, the court now turns to whether

20  a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no

21  absolute entitlement to appeal a district court's denial of his petition, and an appeal is only

22  allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.

23  § 2253. Where, as here, "the court denies habeas relief on procedural grounds without reaching

24  the prisoner's underlying constitutional claims," the court should issue a certificate of

25  appealability "if jurists of reason would find it debatable whether the petition states a valid claim

26

27  [1] On October 10, 2024, prior to the issuance of the pending findings and recommendations, petitioner filed a motion for a 14-day extension of time to respond to any pending matters. (Doc.
28  No. 8.) This motion will be denied as having been rendered moot by this order of dismissal.

of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Because the petitioner's pending application is clearly barred on jurisdictional grounds, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on November 14, 2024 (Doc. No. 10) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED for lack of jurisdiction because it is an unauthorized second or successive petition;
3. The court DECLINES to issue a certificate of appealability;
4. The motion to proceed *in forma pauperis* (Doc. No. 3) is DENIED as moot in light of this order;
5. Petitioner's motion for 14-day extension of time (Doc. No. 8) is DENIED as moot in light of this order; and
6. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **June 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3